## *In re* THE GARDEN CITY.[1]

### (*District Court, S. D. New York.* April 10, 1886.)

ADMIRALTY — PRACTICE — COSTS — FILING PETITION — LIMITATION OF LIABILITY ACT — DELAY — STATE COURT SUITS — TERM FEES — WITNESS FEES.

Fifteen months after one suit, and eleven months after a second suit, had been begun in a state court against the owners of the ferry-boat Garden City, proceedings to limit liability were taken; and when the cases were ready for trial, and witnesses were present, further proceedings in the state court were stayed by injunction issuing from this court. The Garden City was held chargeable with negligence by this court on the same issue of fact joined in the suits in the state court. On motion for an order directing that claimant's costs, incurred in the state court suits before the petition to limit liability was filed, be allowed as part of the damages recoverable, *held* that, as petitioners, after the commencement of the second suit in the state court, were legally in the same situation as when they filed their petition nearly a year afterwards, they should equitably pay the charges accruing after a reasonable time to file the petition, as incident to the claimant's loss and injury, which had accrued in the mean time, and which would have been avoided by the more prompt filing of the petition. Claimant's term fees in the state court and witness fees were therefore allowed against the petitioners.

In Admiralty.

*Shipman, Barlow, Laroque & Choate,* for petitioners.

*Chas. N. Judson* and *Samuel A. Skidmore,* for claimants.

BROWN, J. The claimants, to whom damages were allowed in the above proceedings, have applied to the court for an order directing that their costs, or a part of their costs, incurred in the suits in the state court before the petition was filed, shall be allowed as part of their damages. These expenses are asked for on account of the long delay of the petitioners in filing their petition to limit liability, during which these costs became chargeable, and upon the authority of the following paragraph in the opinion of the supreme court in the case of *The Benefactor,* 103 U. S. 245:

"Precisely when the owners of a ship in fault ought to be regarded as precluded from instituting proceedings for a limitation of liability might be difficult to state in a categorical manner. Perhaps they can never be precluded

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

so long as any damage or loss remains unpaid. But in a particular case relief should not be granted except upon condition of compensating the other party for any costs and expenses he may have incurred by reason of the delay in claiming the benefit of the law."

In that case the proceedings to limit liability were filed a little less than two years after the accident, and some four months after a judgment in favor of the claimants for damages and costs in the district court, and after an appeal to the circuit. In the present case the petition was filed about 16 months after the accident, about 15 months after the commencement of the first suit in the state court, and 11 months after the second suit in the state court. When the cases were ready for trial, and witnesses were present, further proceedings therein were stayed through an injunction obtained from this court, upon the petition filed shortly previous. As this court, upon the same issue of fact joined in this case, has found the Garden City chargeable with negligence, it must be assumed that the plaintiffs in those cases would have recovered a judgment, including their costs, as well as damages, had the injunction not been issued. If the petition to limit liability had been filed within a reasonable time after the second suit was commenced, the several term fees taxable under the state laws would have been avoided. These costs by the state law were a fixed charge against the petitioners, which had already accrued before the petition was filed, although taxable only upon recovery of judgment. In the case of *The Benefactor, supra*, I assume that the costs included in the decree of the district court were allowed as part of the damages. Section 4284 of the Revised Statutes provides that those injured "shall receive compensation in proportion to their respective losses." The losses referred to are the losses "suffered by several freighters or owners of any property whatever."

The compensation is not in terms confined to the value of the property lost; so that it cannot be said that the statute necessarily excludes any compensation for necessary charges incurred in addition to the value of the property; and the paragraph cited from the opinion in the case of *The Benefactor* shows that costs and expenses may in some cases become a subject of compensation.

The present case differs from that of *The Benefactor* only in the fact that here no judgment including costs had been obtained before the petition was filed. But the costs included in a judgment are always distinguishable from the damages; and if the costs included in a judgment already recovered may be admitted as part of the damages or loss sustained, in the subsequent proof of claims in proceedings to limit liability, it cannot be incompetent to allow similar costs, which have already accrued before the filing of the petition, where the other circumstances of the case make it equitable. The law in limited liability proceedings has been mainly built up by the decisions and rules of the supreme court, founded upon the meager outline of the statute, and upon the general doctines of the maritime law recog-

nized and adopted by that statute. *Providence, etc., Co.* v. *Hill, etc., Co.,* 109 U. S. 593; S. C. 3 Sup. Ct. Rep. 379, 617. In carrying out the law as thus developed, I do not feel at liberty to disregard any clear intimations of the supreme court as respects the equitable conditions which should attend its administration in particular cases.

The circumstances of the present case have considerable analogy to that of *The Benefactor,* as respects the equity of this application. After the commencement of the second suit in the state court, the petitioners were legally in the same situation that they were in when they filed their petition nearly a year afterwards. Although there were doubtless sufficient reasons for hesitating in their application, nevertheless, having, after this considerable interval, made their application, and had the benefit of it, it is but equitable that they should pay those charges, fixed by statute, which had accrued in the pending suits in the mean time. Those charges are expenses which the plaintiffs in those suits, the claimants here, have unquestionably incurred, as incident to their loss and injury, which would have been avoided by the more prompt filing of the petition. It does not appear that the petitioners were in a situation properly to file their petition till after the commencement of the second suit. For that reason, I allow against them the amount of five term fees only, with witness fees; namely, $55 in each case.